**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ESTECH SYSTEMS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 6:20-cv-00322** |
| **v.** | § | |
| | § | **Judge Alan D. Albright** |
| **REGIONS FINANCIAL CORPORATION,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**DEFENDANT REGIONS FINANCIAL CORPORATION'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)
OR IN THE ALTERNATIVE,
<u>RULE 12(e) MOTION TO PROVIDE A MORE DEFINITE STATEMENT</u>**

Defendant Regions Financial Corporation files this its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), or in the Alternative Rule 12(e) Motion to Provide a More Definite Statement and in support thereof states as follows:

## I. INTRODUCTION

Plaintiff Estech Systems, Inc.'s ("Plaintiff") Complaint for patent infringement against Regions Financial Corporation ("Regions") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

The asserted patents, U.S. Patent Nos. 8,391,298 (the "'298 patent"), 7,068,684 (the "'684 patent"), and 7,123,699 (the "'699 patent") (collectively "the Asserted Patents") recite various claims that Plaintiff asserts are "generally directed to systems and methods for providing robust, feature-rich communications systems." Complaint ⁋ 15. Yet, the Complaint fails to identify a single Regions product that allegedly infringes these claims and it fails to provide any information that might give Regions fair notice regarding Plaintiff's infringement claims. Indeed, there is not even a specific allegation against Regions. Rather, the Complaint purports to

#7807350

allege infringement in a few boilerplate paragraphs stating that "Defendant made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale products and/or systems, including VoIP telephone systems and networking equipment utilized by Defendant" and further stating that "The Accused Instrumentalities include local area networks used in conjunction with VoIP devices, such as telephones, networking equipment, and servers that provide VoIP functionality."  *See* Dkt. No. 1, Complaint, ¶¶ 20-21; see also ¶¶ 38-39; see also ¶¶ 56-57.

Such statements are no more than "a formulaic recitation of the elements of a cause of action" for patent infringement, and as the Supreme Court clarified, simply "will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (hereinafter, "*Twombly*"); *see also Joao Bock Transaction Sys. of Texas, LLC v. AT & T, Inc.*, No. 6:09CV208, 2010 WL 5343173, at *3 (E.D. Tex. Mar. 29, 2010) (hereinafter "*Joao Bock*") (applying *Twombly* and granting motion to dismiss where complaint failed to identify accused products).  Accordingly, Regions respectfully moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff has not met the requirements of Fed. R. Civ. P. 8(a)(2) and has therefore failed to state a claim upon which relief can be granted.

In the alternative, Regions respectfully moves the court to order Plaintiff to make more specific factual allegations regarding its grounds for alleging infringement under Fed. R. Civ. P. 12(e).

## II.    ARGUMENT

### A.    The Complaint Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Factual allegations

#7807350

must be included in the complaint sufficient "to raise a right to relief above the speculative level," and must be more than a label or conclusion.  *Id*.  While on a motion to dismiss factual allegations must be accepted as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (to survive motion to dismiss under Rule 12(b)(6), Plaintiff's complaint must "contain sufficient *factual matter .* . . to state a claim to relief that is plausible on its face").

The Federal Circuit has held that even under the generous pleading standard set out in the Federal Rules a patentee plaintiff must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (applying Fifth Circuit law).  The Federal Circuit noted that Federal Rule of Civil Procedure Form 18 (formerly Form 16), plainly demonstrates the pleading requirements by including the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages. *McZeal,* 501 F.3d at 1356-57.  Form 18 further includes an example allegation that defendant infringes by "making, selling, and using an 'electric motor' that embodies the patented invention."

While patent infringement claims are not subject to a heightened pleading standard, there must be "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Here, the Complaint fails to provide even basic facts to support such a claim.  The Complaint merely recites legal elements and conclusions but fails to identify a device or method that allegedly embodies the asserted patents.   Indeed, Plaintiff has not even stated conclusively whether it is targeting a product *or* a method, let alone a Regions product or method.   Instead,

#7807350

the Complaint makes a series of formulaic recitations, such as "Defendant made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale products and/or systems, including VoIP telephone systems and networking equipment utilized by Defendant ("Accused Instrumentalities")," and that "[b]y doing so, Defendant has directly infringed" the Asserted claims. *See* Dkt. No. 1, Complaint, ¶¶ 20-22, 38-40 and 56-58. These generic allegations are deficient to meet even the notice pleading standard for patent infringement.

The Complaint similarly states that "Defendant has also indirectly infringed" the Asserted Patents "by inducing others to directly infringe" and "by making and using the Accused Instrumentalities" and "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims" by "among other things, advising or directing personnel, contractors or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; and/or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner." *See* Dkt. No. 1, Complaint, ¶¶ 26, 44 and 62. Like its purported allegations of direct infringement, Plaintiff's indirect infringement allegations fail to provide sufficient factual allegations to meet the pleading standard.

Accordingly, in seeking to respond to Plaintiff's conclusory allegations, Regions has little idea where to begin. In this case, because Plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Asserting that a defendant has committed infringement by generally asserting the elements of infringement is nothing more than a legal conclusion couched as a factual allegation, which is not entitled to an assumption of truth. *Twombly*, 550 U.S. at 555. While a Plaintiff is

#7807350

not required to show a limitation-by-limitation analysis of the alleged infringement in its complaint, an identification of the products or methods alleged to infringe is the bare minimum factual allegation necessary to give the defendant the "fair notice" to which it is entitled.  *See, e.g.*, *Joao Bock,*  2010 WL 5343173, at *3 (granting motion to dismiss where complaint failed to identify accused products and failed to inform defendants what they must defend); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (C.D. Cal. 2007) (granting a motion to dismiss under *Twombly*, finding that "the Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement"); *Edios Commc'ns, LLC v. Skype Tech's.*, No. 09-234, Memorandum Opinion Dkt. 16 (D. Del. Feb. 24, 2010) (requiring plaintiff to amend complaint or face dismissal under *Twombly* where plaintiff did not identify category of product or identify a process).  Here, because Plaintiff has failed to plead any facts beyond formulaic statements of alleged infringement, its complaint should be dismissed pursuant to the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

**B.** **In the Alternative, The Plaintiff Should Provide A More Definite Statement Under Fed. R. Civ. P. 12(e).**

Alternatively, Regions requests that Plaintiffs, at a minimum, be ordered to provide a more definite statement of its claims.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e); *Balderrama v. Pride Indus., Inc.*, 963 F. Supp. 2d 646, 667 (W.D. Tex. 2013).  When presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief.  *See, e.g.*, *Balderrama*, 963 F. Supp. 2d at 665 (granting motion for more definite statement where portions of complaint were sufficiently "vague or ambiguous" that Defendant

#7807350

cannot "reasonably prepare a response"); *McClellan v. Hinojosa*, Civ. No. 10-1089, 2010 WL 4520978, *2 (N. D. Tex., Nov. 9, 2010) (granting defendants' Rule 12(e) motion); *Joao Bock*, 2010 WL 5343173, at *3  (granting defendants' motions to dismiss but granting plaintiff leave to amend its complaint, and "strongly caution[ing] [plaintiff] to narrow its case").

A more definite statement will also focus the discovery process and expedite the case in an economical manner.  *See, e.g.*, *Brown v. Whitcraft*, Civ. No. 8-186, 2008 WL 2066929 *3-4 (N.D. Tex. May 15, 2008) (granting Rule 12(e) motion with respect to allegations that did not adequately plead a cause of action and noting that a "complaint must be sufficiently particular to show that the plaintiff is not seeking a license to go fishing for an indicia of fraud"); *Bay Indus., Inc. v. Tru-Arx Mfg.*, Civ. No. 06-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006) (granting motion where the complaint failed to identify any allegedly infringing product).

In the patent infringement context, "Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise."  *eSoft, Inc. v. Astaro Corp*., Civ. No. 06-00441, 2006 WL 2164454, *2 (D. Colo. July 31, 2006).  Thus, courts have frequently granted motions for more definite statements where the patent infringement complaint does not include sufficient factual support. *See, e.g.*, *Brown,* 2008 WL 2066929 at *4 (noting that "Defendants cannot reasonably be expected to file a responsive pleading to a claim that does not adequately plead an underlying cause of action"); *Bay Indus., Inc.*, 2006 WL 3469599 at *2 (holding that "requiring that plaintiff identify the product or products that allegedly infringe its patent insures that plaintiff has a proper basis for bringing suit in the first place"); *Static Control Components, Inc. v. Future Graphics, LLC*, Civ. No. 07-7, 2008 WL 160827, *2 (M.D.N.C. Jan. 15, 2008) (where the complaint identified a group of exemplary "universal chips" as allegedly infringing, finding that "[a]bsent a more definite

statement" the defendant "ha[d] no choice but to interpret each of the claims of the patents in suit, compare each of its chips that could be considered 'universal chips' to the claims in the patent in suit, and determine whether it believes the chips violate any of [those] claims"); *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (requiring plaintiff to allege which products allegedly infringed which claims of the patents).  In this case, Regions cannot realistically be expected to frame a responsive pleading to Plaintiff's bare and ambiguous allegations without risk of prejudice.  A more definite statement, at a minimum, is warranted.

In filing its complaint, Plaintiff has represented that a reasonable inquiry has been made to ensure that the factual allegations have evidentiary support. Fed. R. Civ. P. 11; *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006) (evidentiary support is determined at the time of filing).  Assuming that Plaintiff did in fact properly investigate its claim before filing suit, there is no reason Plaintiff cannot identify precisely which products are at issue.

## III.    CONCLUSION

Accordingly, for the reasons stated above, Regions respectfully requests that the Court, pursuant to the Federal Rules of Civil Procedure, dismiss the Complaint against Regions for failure to state a claim upon which relief may be granted, or in the alternative, order the Plaintiff to make more specific factual allegations regarding its grounds for alleging infringement.

#7807350

Respectfully submitted,


By:    /s/ Bruce C. Morris
Bruce C. Morris
Texas Bar No. 14469850
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Rd., Suite 1000
Houston, Texas 77056
Telephone: (713) 425-7450
Facsimile: (713) 425-7700
bmorris@krcl.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANT REGIONS FINANCIAL
CORPORATION**

**OF COUNSEL:**

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: 202-429-6271

Jamie L. Lucia*
CA State Bar 246163
jlucia@steptoe.com
Gretchen P. Miller*
FL  State Bar 119562
gmiller@steptoe.com
David Shea Bettwy*
CA State Bar 311301
dbettwy@steptoe.com

* - *Pro Hac Vice* motions to be filed with the Court.

8

#7807350

**CERTIFICATE OF SERVICE**

I certify that on July 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

Fred I. Williams
Williams Simons & Landis PLLC
327 Congress Ave.
Suite 490
Austin, TX 78701
Email: fwilliams@wsltrial.com

*/s/ Bruce C. Morris*
Bruce C. Morris

#7807350