**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ESTECH SYSTEMS, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION 6:20-cv-00322-ADA** |
| | § | |
| **REGIONS FINANCIAL** | § | |
| **CORPORATION,** | § | |
| *Defendant*. | § | |

## ORDER DENYING REGIONS'S MOTION TO DISMISS

Came on for consideration this date is Defendant Regions Financial Corporation's Motion ("the Motion") to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and to provide a more definitive statement pursuant to Rule 12(e) of Federal Civil Procedures. ECF No. 14. Regions filed its Motion on July 8, 2020. Plaintiff Estech Systems Inc. filed its Response to Regions's Motion on July 15, 2020. ECF No. 19. Regions filed its Reply on July 22, 2020. ECF No. 20. After careful consideration of the above briefing, the Court **DENIES** Regions's Motion to Dismiss and **GRANTS** Estech leave to amend its Complaint. Estech shall have up to and including November 4, 2020 to amend its Complaint.

## I.  BACKGROUND

In April of 2020, Estech filed this lawsuit alleging patent infringement of United States Patent Nos. 7,068,684, 7,123,699, and 8,391,298 (collectively, "the patents-in-suit"). *See generally* Plaintiff's Complaint, ECF No. 1. Estech owns all substantial rights to the patents-in-suit. Pl.'s Compl. ¶ 16, 34, 52. The patents-in-suit are generally aimed at methods and systems for VoIP communication. *Id.* at ¶ 15. Estech alleges Regions's infringement through "Accused Instrumentalities," which are broadly defined as "VoIP telephone systems and networking equipment utilized by Defendant" and "include local area networks used in conjunction with

1

VoIP devices such as telephones, networking equipment, and servers that provide VoIP functionality." *Id.* at ¶ 20–21, 23, 41, 56.

## II.      LEGAL STANDARD

### A.  Rule 12(b)(6)

Upon motion or *sua sponte*, a court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 205 (5th Cir. 2007). However, a court need not blindly accept each and every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as a factual conclusion." *Taylor v. Books A Million, Inc.*, 296 F. 3d 376, 378 (5th Cir. 2002); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 56 U.S. 652, 678 (2009).

To survive the motion to dismiss, a nonmovant must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678. The plausibility standard, unlike the "probability requirement," requires more than a

sheer possibility that a defendant acted unlawfully. *Id*. The pleading standard announced in Rule 8(a)(2) does not require detailed factual allegations but demands greater specificity than an unadorned "the-defendant-unlawfully-harmed-me accusation." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Nor does a complaint comply with the standard if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. Evaluating the plausibility of a claim is a context-specific process that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 663–64.

## B.  Rule 12(e)

Federal Rule of Civil Procedure Rule 8 requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must provide enough information for the defendants to identify the accused products and how they infringe on the asserted patent. See *Chinsammy v. United States*, 95 Fed. Cl. 21, 23 (2010) (ordering a plaintiff to file a more definite statement stating "specifically how the federal government infringed upon his patent . . . and the specific basis for the damages sought"). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A Rule 12(e) motion requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Yet, "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Brown v. Whitcraft*, No. 3:08-CV-0186-D, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008).

### III.    ANALYSIS

Regions asserts that Plaintiff's Complaint fails to identify a single Regions product that allegedly infringes the various claims of the patents-in-suit related to "VoIP telephone systems and networking equipment." Defendant's Motion at 1, ECF No. 14; Plaintiff's Response at 3, ECF No. 19. According to Regions, the only allegation against it is a boiler plate paragraph "stating that 'Defendant made, had made, used, imported, provided, supplied, distributed, sold or offered for sale products and/or systems including VoIP telephone systems and networking equipment utilized by Defendant.'" Def.'s Mot. at 2 (quoting Pl.'s Compl. at ¶ 20–21). Regions claims Estech's failure to accuse or identify a specific product or activity fails to put it on any kind of notice as to what it must defend. *Id.* at 1.

In response, Estech asserts that its Complaint complied with pleading requirements for a patent infringement complaint. Specifically, Estech asserts it is not required to provide "factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe" at the pleading stage. Pl.'s Resp. at 4; *Raytheon Co. v. Cray, Inc.*, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017), *aff'd sub nom. Raytheon Co. v. Cray, Inc.*, 2017 U.S. Dist. LEXIS 55664 (E.D. Tex. Apr. 12, 2017).

District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent infringement Plaintiff to identify an accused product by name in most cases such that the Defendant is on notice of what specific conduct is alleged to constitute infringement. *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, 2020 WL 5500238, at *3 (N.D. Tex. Sept. 11, 2020). Summary judgement is appropriate here as Plaintiff "must identify a specific infringing product being used or manufactured by the [Defendant]" in order to prove infringement. *Demodulation, Inc. v. United States*, 126 Fed. Cl. 499, 504 (2016). Despite how the claims may be construed, as a

matter of law, there can be no infringement when Plaintiff has failed to identify an accused product. *Id.* at 507; *see Bender v. Motorola, Inc.*, 2010 WL 726739, *3–4 (N.D.Cal. Feb. 26, 2010); *Lyda v. CBS Corp.*, 2015 WL 4393120, *4 (S.D.N.Y. July 16, 2015).

Additionally, the pleading standards established by *Twombly* and *Iqbal* require a plausible inference that an accused device meets all of the limitations of the asserted claims. *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018). This cannot be inferred from bare conclusory allegations as in Estech's Complaint. *Id.* Additional factual information, at least pleaded on information and belief, that the accused devices practice the asserted claim is required. *Id.* However, this factual information does not necessarily need to be as detailed as that which will be disclosed in Plaintiff's infringement contentions. *Id.*

The Court agrees that Plaintiff's complaint is unclear and ambiguous. The statement claiming infringement fails to reasonably inform Defendant as to what devices or practices, if any, are accused of infringement. Since the Complaint fails to set forth factual allegations that meet the pleading requirements of *Twombly* and *Iqbal*, the Court finds the Plaintiff's Complaint deficient. However, the Court has the power to *sua sponte* grant leave to amend the Complaint as justice requires. Fed. R. Civ. P. 15(a); *Lone Star Motor Imp., Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Granting leave to amend is especially appropriate in the context of dismissing for failure to state a claim. *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir.

5

1977). The Court, thus, grants Estech leave to amend the Complaint to put Regions on notice of what specific product or practice is accused of infringement.

## IV.    CONCLUSION

The Court finds that Estech has not met its pleading burden under *Twombly* and *Iqbal*. Therefore, **IT IS ORDERED** that Regions's Motion to Dismiss is **DENIED**, subject to Plaintiff Amending its Complaint. **IT IS FURTHER ORDERED** that Estech is **GRANTED** leave to amend its Complaint to comply with pleading requirements under Rule 8, Estech shall have up to and including November 4, 2020 to amend its Complaint.

**SIGNED** this 28th day of October, 2020.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**